## Commonwealth v. Yavelberg

*Edwin W. Tompkins,* district attorney, for Commonwealth.

*John D. Gresimer,* of *Rydesky & Gresimer,* for defendant.

HIPPLE, P. J., September 29, 1943.—Defendant was arrested on April 28, 1932, on the charge of illegally possessing and transporting intoxicating liquor for beverage purposes, the liquor being found in an automobile then operated by defendant. On April 30, 1932, before L. K. Huntington, a justice of the peace of Em-

porium Borough, and after hearing, defendant was committed to the county jail for appearance at the next term of the court of quarter sessions in default of bail fixed in the amount of $500. On May 3, 1932, one Lena Zelten, a resident of the City of Philadelphia, Pa., deposited $500 cash bail, the condition of the recognizance being that defendant appear at the June 1932 term of court, and upon such bail being furnished defendant was released from custody. The first day of the following or June term of court was on June 20, 1932, at which time the court was in session, although no cases were called for trial by a jury, and the jury had been excused from service. Defendant was notified by the district attorney to appear on June 20, 1932, in order to renew his bail. Having failed to do so, after being called in open court, the cash bail was forfeited. On October 16, 1933, a true bill was found by the grand jury then in session, and on October 18, 1933, after trial, defendant was found guilty as indicted and was sentenced by Hon. E. H. Baird, the then president judge of the twenty-fifth judicial district, on October 19, 1933, to pay a fine of $100 and the costs of prosecution, and stand committed to the common jail of Cameron County until the sentence was complied with, but the sentence contained a provision allowing defendant five days within which to pay the fine and costs. Defendant did not pay either the fine or the costs, or any part thereof, and the same are still unpaid.

On April 1, 1935, Lena Zelten presented a petition for remission of the cash bail so forfeited, upon which a rule to show cause was granted, returnable April 15, 1935. The petition alleges that, at the request of defendant, she deposited the $500 cash bail in question, and in substance that she did not know of the forfeiture of the bail until some considerable time after the October term of court, 1933, at which defendant was found guilty and sentenced as above stated; she relied upon

counsel employed by defendant and upon defendant to keep her advised of the situation of the proceeding against defendant from time to time, and she was unable to obtain a satisfactory or adequate explanation from counsel for defendant; and, in effect, that she was unlearned in the law and knew nothing about the procedure in such matters, and, inasmuch as defendant had voluntarily appeared at the October term, 1933, of said court for trial, she understood that the bail would be released. To this rule the district attorney filed an answer in effect denying the various allegations, and depositions were taken from which it appears that both defendant and his surety, the petitioner, were somewhat misled by counsel retained by defendant as to the necessity for the appearance of defendant at June term, 1932, and subsequent terms of court for the purpose of renewing the bail. While the district attorney in due form notified defendant that it was necessary for him to appear on June 20, 1932, to renew his bail, counsel retained for defendant advised him several days after receipt of the letter from the district attorney that there would be no court in Cameron County, and therefore it would not be necessary for him to appear.

The failure of defendant to appear at June term, 1932, it can fairly be concluded from the depositions, was apparently because of the contradictory statements or notices received by him from the district attorney and his counsel. He did, however, actually appear at October term, 1933, not having at any time renewed his bail, and was tried and sentenced.

It appears also from the depositions that petitioner, Lena Zelten, is a woman of very limited means and that it would be a real hardship upon her if the full amount of the cash bail were forfeited, and no portion thereof remitted. Her petition is presented under the Act of December 9, 1783, 2 Sm. L. 84, sec. 2, 8 PS §171, which provides that recognizances forfeited in courts

of quarter sessions may be sued for and recovered in the court of common pleas of the county "which courts may, and they are hereby, empowered to order the said recognizances to be levied, moderated or remitted, on hearing the circumstances of the case, according to equity and their legal discretion."

It has been held in a long line of cases that the final disposition of a recognizance is left entirely to the discretion of the court, which may refuse a petition for remission, or may remit the same in whole or in part, and that this power is an equitable one to be exercised at the discretion of the court upon such conditions as the court may see fit to impose, and, further, that when the ends of justice have been subserved, and the enforcement of the forfeiture would in effect be an infliction of punishment upon the bail, the court may remit the forfeiture in whole or in part and upon such terms as it may deem proper. See various cases cited in 8 PS §171.

However, we cannot, under the circumstances of this case, remit the forfeiture in full. There must be retained by the County of Cameron such amount as will pay all costs incurred in this case, together with the fine of $100 imposed upon defendant, and any reasonable sum necessary as reimbursement to the court or the county for any expense and inconvenience caused by the failure of defendant to appear at the June term, 1932, of said court.

We think, therefore, under the facts as shown by the depositions, that a portion, at least, of the forfeiture should be remitted, since by the payment of the fine and costs incurred out of the forfeited bail the ends of justice will have been served, whereas the forfeiture of the whole amount of the bail would be in effect to inflict punishment upon petitioner, who was not shown from the depositions to have any knowledge of the procedure in such matters, and who relied upon defendant for information in that regard.

The disposition of this matter has been delayed for reasons which do not appear upon the record. This proceeding came originally before Hon. E. H. Baird, president judge, and at a later time before Hon. Harry M. Rimer, president judge, specially presiding, but for some reason was not disposed of, and it is now decided upon the depositions and the record, the writer of this opinion having no personal knowledge of the proceeding.

The following order is therefore made:

### Order

And now, September 29, 1943, it is ordered that the bail of $500 forfeited by reason of the failure of defendant to appear at the June 1932 term of court, as required by his recognizance, be and the same is hereby remitted in the amount of $275, and the County of Cameron is hereby ordered to pay Lena Zelten, or her attorneys, the sum of $275 out of said forfeited bail. The balance of $225 shall be credited to the payment of the fine of $100, the costs of prosecution amounting to $67.30, and the balance thereof be retained by the County of Cameron as reimbursement to the county for the expense and inconvenience caused by the failure of defendant to appear at the June term, 1932, of said court.